## GAYLE vs. PRESTON.

1. A denial, in a case in admiralty, of the allegations of the petition, and concluding to the country, is the tender of an issue to a jury, and cannot be tried by the court.

2. And the tender of such an issue is a *request* for a trial by jury, and precludes the court from determining the truth of the facts put in issue.

Error to the County court of Mobile, exercising Admiralty jurisdiction.

The defendant in error filed his libel below, against the steamer Fox, for sundry goods, wares and merchandise, furnished for the use of the vessel. The plaintiff in error answered, denying the truth of the allegations contained in the libel, which he prayed might be enquired of by the country. The court, by its decree, condemned the vessel, her tackle, apparel and furniture, for the payment of the debt, with interest and costs. To reverse which, a writ of error was taken, returnable to this court.

Gayle *vs.* Preston.

*Thornton*, for the plaintiff in error.

*Porter*, contra.

ORMOND, J.—This was a petition, in the nature of a libel in admiralty, filed in the County court of Mobile county, by the defendant in error, against the steamboat Fox. A monition issued, and was returned, executed. A replevin bond was executed by the master of the boat. An appearance was afterwards entered in the following words: "And Andrew J. Gayle, who claims the said boat as his own, which claim is admitted by the court, intervening for his interest, answers and says, that he denies the truth of the allegations contained in said bill; that the said allegations, and every part thereof, are untrue, and this he prays may be enquired of by the country." The court afterwards rendered judgment, without the intervention of a jury. This is the error assigned:

The statute provides that all issues, at the request of either party, shall be tried by a jury. The answer, in this case, denying the allegations of the petition, and concluding to the country, was a tender of an issue to the jury; and could not be tried by the court, without some waiver which does not appear on the record. The tender of an issue in these terms, must be understood to be such a "request" for a trial by the jury, as would preclude the court from determining the truth of the facts put in issue.

Let the judgment be reversed, and the cause remanded.